## NORTHWESTERN NATIONAL CASUALTY COMPANY v. Murray F. ARMSTRONG, SOUTHERN FIRE & CASUALTY INSURANCE COMPANY and Curtis COLLINS

78-328                                    580 S.W. 2d 192

Opinion delivered April 30, 1979
(Division II)

650

*Laser, Sharp, Haley, Young & Huckabay,* for appellant.

*Bridges, Young, Matthews & Davis,* for appellees.

JOHN I. PURTLE, Justice. This case concerns the interpretation of two automobile insurance policies and the exclusions or exceptions from coverage. Both parties presented excellent briefs. Needless to say, their interpretations of the policies differ. After a careful study of the two policies, we have concluded that the trial judge was correct in his interpretation of the policies regarding coverage and exclusions.

The dispute is between Northwestern National Casualty Company, appellant, and Southern Fire & Casualty Insurance Company, appellee. Appellant issued a policy insuring Murray F. Armstrong and appellee issued one insuring Lincoln County, Arkansas. Armstrong borrowed a trailer owned by Lincoln County for his personal use and hitched it to his pickup truck which was covered by appellant's policy. The utility trailer came unhitched while Armstrong was driving along State Highway #11 in Lincoln County. The trailer then crossed the center line and collided with a vehicle driven by Curtis Leon Collins thereby causing damages and injuries. Armstrong filed a complaint against appellant for a declaratory judgment in which he sought to determine if his policy with appellant afforded him coverage against the claim of Collins. Appellant filed an answer denying coverage to Armstrong and also filed a declaratory judgment that

appellee's policy afforded coverage for the claim by Collins.

Although the case was transferred to federal court on the diversity of citizenship, it was, by mutual consent, returned to the Lincoln County Circuit Court. The pleadings were finally joined and each party moved for summary judgment. The trial court decided appellant's policy required it to provide a defense for Armstrong against the claim of Collins and further that Armstrong was not "an insured" under appellee's policy. Appellant (Northwestern National Casualty) appeals on the grounds appellee (Southern Fire & Casualty Insurance Company) should afford basic coverage for Armstrong.

It might be of help to set out the provisions of the policies able counsel rely upon for their argument. Each policy contained the following general insuring clause:

> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

> A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," sustained by any person:

> B. injury to or destruction of property, including loss of use thereof, hereinafter called "property damage"; . . .

Of course, both policies required such loss to arise out of the "ownership," "maintenance" or "use" of an "owned" or "temporary substitute" automobile. From this point on it appears to be a contest to see which policy can out "exclude" the other.

Under "named insured," of course, both policies are fairly unambiguous. Under the definitions part of the policies, appellant's policy (Northwestern) provides:

> . . .

> "owned automobile" means (b) a trailer owned by the named insured

"trailer" means a trailer designed for use with a private passenger automobile, if not being used for business or commercial purposes with other than a private passenger, farm or utility automobile, or a farm wagon or farm implement while used with a farm automobile.

. . .

Under the terms of appellee's definitions we find:

. . .

"owned automobile" includes a trailer not described in this policy if designed for use with a four-wheel private passenger automobile and if not being used for business purposes with another type automobile.

The following definitions of "an insured" (not the "named" insured) appear in appellant's (Northwestern) policy:

. . . "insured" means a person or organization described under "Persons Insured"; . . .

Persons Insured: The following are insureds under Part 1: *** (2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and. . . .

The definition under appellee's (Southern) "an insured" reads:

. . .

(c) any other person while using an owned automobile or a temporary substitute automobile with the permission of the named insured, provided his actual operation (or if he is not operating) his other actual use thereof is within the scope of such permission. . .

. . .

Appellee's policy then contained a provision stating none of the following is "an insured":

> . . . (iii) any person or organization, other than the named insured with respect to . . . (2) a trailer while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in the Company.

In an effort not to be out excluded the appellant inserted in its exceptions the following exception:

> ". . . ; provided, however, the insurance with respect to a temporary substitute automobile or nonowned automobile shall be excess insurance over any other valid and collectible insurance."

So far as coverage is concerned it appears both policies would afford Armstrong coverage except for the exclusions and/or definitions which, as we see it, turn in favor of the appellee for the reason that the policy states it does not protect any person with respect to a trailer when the trailer is used with any motor vehicle owned by such person and the motor vehicle with which the trailer is used is not insured with appellee (Southern Fire & Casualty Insurance Company). Armstrong, who was using the trailer with his own pickup truck, did not have "like" insurance. Instead, his policy was with appellant (Northwestern National Casualty Company). Therefore, in the absence of any statute or regulation, we must give a literal construction to the contract, and we agree with the trial court that appellee's policy excludes coverage for Armstrong under the circumstances. At the same time, we agree that appellant's policy does afford protection for Armstrong against the claim of Curtis Leon Collins, up to the applicable limits of coverage.

We agree with appellant that where the terms and provisions of a contract are conflicting or ambiguous, the contract is to be strictly construed against the insurer and in favor of the insured. However, we here deal with an exclusion from coverage which is fairly apparent after you get that far into the policy. We also agree with appellant that its policy is excess over and above any other valid and collectible in-

surance available to its policyholder. However, appellee excluded this trailer on its July 1975 Edition of Form A-124, Page 1, "None of the following is an insured," (iii) (2) when it excluded a "trailer" while used with any motor vehicle *owned* by an insured unless his motor vehicle was also insured by appellee, Southern Fire & Casualty Insurance Company.

Affirmed.

We agree. GEORGE ROSE SMITH and FOGLEMAN, JJ.

BYRD, J., concurs.